UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Dell Layfette Carter, # 226198,** | C/A No. 3:06-2431-TLW-JRM |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| **Robin Chavis**, Associate Warden of Evans Correctional Institution; and <br> **NFN Graves**, Lieutenant. | |
| Defendants. | |

The plaintiff, Dell Layfette Carter, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants Robin Chavis and NFN Graves, who are SCDC employees.[2] Plaintiff claims sexual harassment based upon a strip search, and he seeks monetary damages. The complaint should be dismissed because the plaintiff does not allege that he is under imminent danger of serious physical injury even though he is subject to the "three strikes" rule pursuant to 28 U.S.C. § 1915(g) and for failure to exhaust administrative remedies under 42 U.S.C. § 1997e.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*), cert. denied, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i),(ii).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments

for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387,  (4th Cir. 1990).

## Background

The *pro se* plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC).  The plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 against the defendants Robin Chavis and NFN Graves, who are SCDC employees.  Plaintiff claims sexual harassment based upon defendant Graves, a black woman, performing a strip search of the plaintiff on August 23, 2006, which was ordered by defendant Chavis.  The plaintiff claims the strip search was in retaliation for his filing previous lawsuits[3] and part of a scheme to harass the plaintiff.  Plaintiff seeks monetary damages.

---

[3] In the complaint, the plaintiff states that a related lawsuit with the same parties dealing with the same facts is pending in this Court.  The plaintiff's USM-285 form references to civil action 3:06cv0146.  A review of 3:06cv0146 shows that action was closed in April, 2006.  A further review of all of Plaintiff's pending lawsuits does not reveal another lawsuit against the defendants named in this action.

3

Discussion

The plaintiff's claims in this case are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Congress enacted the three-strikes rule to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Senate Select Committee on Presidential Campaign Activities v. Nixon, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)("When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."); Bay View, Inc. v. AHTNA, Inc., 105 F.3d 1281, 1283, (9th Cir. 1997); NGS American, Inc. v. Barnes, 998 F.2d 296, 298 (5th Cir. 1993); and Mirabal v. GMAC, 537 F.2d 871 (7th Cir. 1976). Notably, to avoid application of 28 U.S.C. § 1915(g), a prisoner plaintiff may prepay in full the filing fee; however, the district court is still required to screen all civil lawsuits brought by prisoners pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid up front. *See* Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006).

This Court may take judicial notice that the plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court. *See* Aloe Creme

Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); *See also* Mann v. Peoples First Nat. Bank & Trust Co., 209 F2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). The cases in which "strikes" have been entered against the plaintiff are Dell L. Carter v. Clover Police Department, *et al.*, Civil Action No. 3:98-3761-19BC; Dell L. Carter v. Clover Police Department, *et al.*, Civil Action No. 3:99-1484-19BC; Dell L. Carter v. Judge Costa Pleicones, Civil Action No. 3:99-1800-19BC; Dell L. Carter v. Jason Derham Cole, South Carolina Circuit Judge, Civil Action No. 3:99-1813-19BC; Dell L. Carter v. Willy Thompson, Civil Action No. 3:00-0423-19BC; Civil Action No. Dell L. Carter v. Edward H. Harvey, 3:00-0525-19BC; Dell L. Carter v. Rema K. Gantt, Court Reporter, Civil Action No. 3:00-1823-19BC; Dell L. Carter v. Moss Justice Center, Civil Action No. 3:02-1682-19BC; Dell L. Carter v. State of South Carolina, *et al.*, Civil Action No. 3:02-2014-25BC; Dell L. Carter v. State of South Carolina, *et al.*, Civil Action No. 3:03-0011-25BC; and Dell L. Carter v. Walter William Thompson, Associate Solicitor for Sixteen Judicial Circuit, *et al.*, Civil Action No. 3:04-0772-25BC.

In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint pursuant to 28 U.S.C. § 1915 unless his claim satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. 28 U.S.C. § 1915(g); *see* Banos v O'Guin, 144 F.3d 883 (5th Cir. 1998). The complaint does not fit within this exception as the plaintiff does not allege any imminent danger of serious physical injury.

As a further ground for summary dismissal, the plaintiff reveals on page 2 of his complaint that, although a prisoner grievance procedure exists in Evans Correctional

Institution, he did not file a grievance. He states that he did send a "staff request to Warden Eagleton" who had not yet answered. Notably, the strip search incident occurred on August 23, 2006, and the complaint was signed the next day on August 24, 2006. 42 U.S.C.A. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This section which requires administrative exhaustion is mandatory. Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). Accordingly, because the Plaintiff did not exhaust administrative remedies, this action should be summarily dismissed.

Finally, within his complaint, the plaintiff noted a "motion" to consolidate his 60 separate lawsuits into one civil action. Because this action is subject to summary dismissal, that motion should be denied.

### Recommendation

It is recommended that:

1. The complaint be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g);

2. The complaint be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C.A. § 1997e(a); and

3. The plaintiff's motion to consolidate several actions into this action be denied.

**The plaintiff's attention is directed to the important notice on the next page.**

                                                 Respectfully Submitted,

                                                 s/Joseph R. McCrorey
                                                 United States Magistrate Judge

September 18, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

      The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

      During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**

**901 Richland Street**
**Columbia, South Carolina 29201**

9